UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NAVIGATORS SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>AUTO-OWNERS INSURANCE COMPANY,<br><br>Defendant. | CIVIL ACTION NO.<br>1:20-cv-02007-JPB |

**ORDER**

Before the Court is Defendant Auto-Owners Insurance Company's ("Auto-Owners") Motion to Dismiss, or Alternatively, to Transfer Venue ("Motion"). ECF No. 8. Having reviewed and fully considered the papers filed therewith, the Court finds as follows:

### I.     BACKGROUND

Plaintiff Navigators Specialty Insurance Company ("Navigators") filed a complaint against Auto-Owners alleging causes of action for Equitable Contribution, Equitable Subrogation and Attorneys' Fees in connection with Auto-Owners' refusal to contribute to the defense of one of its insureds, Gonzalez Stone & Stucco, LLC ("Gonzalez").

Gonzalez was hired as a sub-contractor for an Alabama construction project owned by Chance 22 AL, LLC and Chance 22 AL Retail, LLC (collectively, "Chance") and managed by Navigators' insured, Hathaway Construction Services, Inc. ("Hathaway"). The principal place of business of Gonzalez, Chance and Hathaway is Atlanta, Georgia.

Chance initially filed suit against Hathaway in Alabama for damages related to alleged construction defects in the project. Hathaway filed third-party complaints against certain sub-contractors, including Gonzalez. Hathaway, which was named as an additional insured on Gonzalez' insurance policy (issued by Auto-Owners), then tendered the Alabama lawsuit to Auto-Owners under the policy. Auto-Owners denied the tender.

The Alabama suit was subsequently stayed to allow Chance and Hathaway to arbitrate their dispute in Atlanta as provided in the parties' agreement. Prior to arbitration, Navigators made a second request to Auto-Owners demanding that Auto-Owners retract its denial of coverage and agree to defend and indemnify Hathaway. Auto-Owners, again, denied Navigators' request.

Chance and Hathaway ultimately settled their dispute prior to arbitration and executed a settlement agreement in Atlanta.

In the instant Motion, Auto-Owners seeks dismissal of the suit or transfer to the Northern District of Alabama on the grounds that venue is proper in that district (and not in Atlanta) because a substantial part of the events giving rise to Navigators' claim occurred there.  Auto-Owners asserts that its initial coverage determination occurred at its Birmingham, Alabama office, in consultation with representatives in its home office in Michigan, and the denial of coverage letter was sent to Hathaway's counsel in Alabama.  Auto-Owners further asserts that Navigators' second request for coverage was sent to Auto-Owners' Birmingham office, and the second denial correspondence was sent from its Birmingham office to a Navigators representative in Connecticut.  Auto-Owners therefore concludes that the alleged wrong in this case (denial of coverage) that gave rise to Navigators' claim occurred in Alabama.  Auto-Owners also points out that the construction project and the alleged acts and omissions underlying the Alabama lawsuit all occurred in Alabama.  In Auto-Owners' view, "these are the relevant acts and omissions directly giving rise to Navigators' lawsuit, and none of them (much less a substantial part of them) occurred in this district."

Navigators counters that venue is proper in this district because a substantial part of the events and omissions giving rise to its claims *also* occurred here. Among other things, Navigators identifies facts such as Auto-Owners' issuance

and delivery of a policy in Georgia to Gonzalez, a Georgia company; the listing of Hathaway (a Georgia company) as an additional insured on Gonzalez' policy; Auto-Owners' failure to defend a company whose principal place of business is in Georgia; the Atlanta forum selection clause in Chance and Hathaway's agreement; the work of Hathaway's defense counsel in Atlanta in connection with the lawsuit; and the execution of Chance and Hathaway's settlement documents in Atlanta.

## II.   DISCUSSION

### A.   Legal Standard

In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(3), "[t]he facts as alleged in the complaint are taken as true, to the extent they are uncontroverted by [the] defendant['s] affidavits." *Delong Equip. Co. v. Wash. Mills Abrasive Co.*, 840 F.2d 843, 845 (11th Cir. 1988). "[W]hen there is a battle of affidavits placing different constructions on the facts, the court is inclined to give greater weight, in the context of a motion to dismiss, to the plaintiff's version, particularly when the jurisdictional questions are apparently intertwined with the merits of the case." *Id*. (internal punctuation omitted).

"In sum, Rule 12(b)(3) is a somewhat unique context of dismissal in which [the court] consciously look[s] beyond the mere allegations of a complaint, and, although [it] continue[s] to favor the plaintiff's facts in the context of any actual

evidentiary dispute, [the court] do[es] not view the allegations of the complaint as the exclusive basis for decision." *Estate of Myhra v. Royal Caribbean Cruises, Ltd.*, 695 F.3d 1233, 1239 (11th Cir. 2012).

B.     Analysis

As relevant here, venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). In *Jenkins Brick Co. v. Bremer*, the Eleventh Circuit had to decide whether venue was proper in Alabama, where the company was based, or in Georgia, where the company's former employee began working for a competitor in breach of his non-compete agreement. 321 F.3d 1366, 1371 (11th Cir. 2003). The court explained that "[o]nly the events that directly [gave] rise to [the] claim [were] relevant. And of the places where the events [took] place, only those locations hosting a 'substantial part' of the events [were] to be considered." *Id*. The court underscored that the inquiry should "focus on relevant activities of the ***defendant***, not of the plaintiff." *Id*. at 1371-72 (emphasis added). The most important factor in the Court's ultimate decision that venue was proper in Georgia, and not in Alabama, was the defendant's breach of the non-compete agreement, which the court found occurred only in Georgia.

Further clarifying its reasoning, the *Jenkins* court noted its approval of the Eighth Circuit's decision in *Woodke v. Dahm*, 70 F.3d 983 (8th Cir.1995), wherein the court found that the place of manufacture of the trailers at issue and where the agreement to sell the trailers was executed was not relevant to the venue inquiry because while the manufacture of the trailers and the underlying sales contract were important in the chain of events, such events did not "give rise" to the plaintiff's claims because they were not wrongful. *Id*. at 1372.

By contrast, the *Jenkins* court disapproved of the decision in *United States Surgical Corp. v. Imagyn Medical Technologies, Inc.*, 25 F. Supp. 2d 40 (D. Conn. 1998) because "[that opinion's] flavor was that of a 'minimum contacts' personal jurisdiction analysis" in that the Connecticut court looked at a variety of factors, including where the contract was negotiated and executed, where it was to be performed and where it was allegedly breached. *Id*. at 1372. The *Jenkins* court reiterated that "facts [that] do not have a close nexus with the cause of action . . . are . . . irrelevant." *Id*. at 1373. Instead, the relevant questions are what acts or omissions by the defendant "'gave rise'" to the plaintiff's claim and whether a "'substantial part'" of those acts took place in the district. *Id*. at 1372.

As a result of the guidance in *Jenkins*, courts in this district undertaking a venue analysis have declined to find venue appropriate in the absence of

substantial events occurring here or where the execution of a contract is the only significant connection to this district. *See, e.g.*, *Direct Response Prod., Inc. v. Roderick*, No. 1:13-cv-0945-WSD, 2013 WL 5890407, at *6 (N.D. Ga. Nov. 1, 2013) (finding that even though the underlying agreement was executed in Georgia, and both the plaintiff and defendant resided in Georgia at the time, venue was not proper in this district given "the required focus on [the defendant's] relevant activities[] and considering that the site of the alleged breach, the most important venue factor in this context," was in another district); *Easoon USA, LLC v. Tesoro Woods, LLC*, No. 1:17-cv-02129, 2019 WL 8266871, at *3 (N.D. Ga. Mar. 25, 2019) (finding that "mere execution or 'finalization' of a contract in the Northern District of Georgia would not provide venue" because "[t]he execution of the contract was 'not itself wrongful,' did not have a close nexus to the wrong, and thus was not an event 'giving rise to'" the claim); *Minyobe v. Wilson*, No. 1:15-cv-654-WSD, 2015 WL 6873555, at *3 (N.D. Ga. Nov. 9, 2015) (finding that venue was improper in this district because the plaintiff failed "to sufficiently allege that the [d]efendants' actions in the Northern District of Georgia, if any, [gave] rise or ha[d] a close nexus to [the] [p]laintiff's claims").

In this case, a focus on Auto-Owners' actions and omissions—as required by *Jenkins*—demonstrates that venue is not proper in this district. The allegedly

wrongful act that "gave rise" to this action is Auto-Owners' denial of coverage and failure to contribute to the defense of the dispute between Chance and Hathaway. That coverage decision was made in Alabama and Michigan and communicated to Navigators from Alabama. Navigators' list of facts it contends supports venue in this district is suggestive of the "minimum contacts" analysis that the *Jenkins* court found inappropriate.

Moreover, neither the place of execution of the insurance or settlement agreements nor the place of incorporation or business of the parties necessarily controls the inquiry for venue purposes. Indeed, the only potentially relevant fact on Navigators' list is the execution of the settlement documents in Atlanta, but that fact cannot be said to have given rise to Navigators' claim since Auto-Owners' two letters denying coverage predated the parties' settlement.

Because Auto-Owners' denial of coverage, which occurred in Alabama, is the "substantial part of the events" that "directly" gave rise to Navigators' claim, venue properly lies in Alabama. The Court, therefore, **GRANTS** Auto-Owners' Motion (ECF No. 8). Pursuant to 28 U.S.C. § 1406(a), which authorizes "[t]he district court . . . [to] transfer [a case dismissed for lack of venue] to any district or division in which it could have been brought," the Court **DIRECTS** the Clerk to

transfer this action to the United States District Court for the Northern District of Alabama.

**SO ORDERED** this 27th day of January, 2021.

                                                  J. P. BOULEE
                                                  United States District Judge